TEDER HUMPHREYS V. THE STATE.

No. 13482. Delivered October 8, 1930.
Reported in 31 S. W. (2d) 631.

The opinion states the case.

*Joe D. Bell* of Paducah, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being one year in the penitentiary.

Only one bill of exception is in the record. It reflects the following: Appellant's conviction was obtained upon the testimony

of the sheriff and two of his deputies. The sheriff was the first witness. He testified that he and his deputies were across the alley thirty or forty feet from appellant's house at night and saw her in her back yard some ten or twelve feet from the back door of her dwelling house. At this point appellant objected to any testimony as to finding whisky or other articles at or near the residence because it was the private dwelling of appellant and her family, and the officers had no warrant authorizing the search. The jury was withdrawn and the following facts developed. The officers went to the point heretofore mentioned and watched appellant's residence; they heard bottles rattling and saw her bury them in the dirt ten or twelve feet from the back door of the dwelling. They could not tell what was in the bottles, but had information that she had been "bootlegging." Upon the discoveries mentioned, one of the officers remained on watch and two returned to town and secured a search warrant. Neither the warrant nor affidavit therefor was produced at the trial. The evidence regarding them is quoted from the bill which sets out the sheriff's testimony relative thereto: "This search warrant was turned over to the grand jury. I have made a search for the warrant but I do not have it. I have asked Mr. Crump—the justice of the peace who issued it—about it and he told me he had it and it was later turned over to the grand jury. I have not looked in the grand jury papers, or made any further search for it than as above stated." The bill then certifies substantially that no further evidence was offered as to the affidavit and warrant being lost, and no further evidence was offered showing or tending to show that any further search for the affidavit and warrant had been made. Appellant then renewed his former objection to the officers giving testimony as to the result of their search for the reasons first given, and upon the further ground that no proper predicate had been laid showing that the affidavit and warrant had been lost, or that it had been searched for and could not be found. The objections were overruled and the officers were permitted to testify before the jury that they searched the private residence and premises of appellant and found in her back yard partially buried ten or twelve feet from her back door seven pint bottles of whisky. The objection should have been sustained and the evidence rejected under the recitals in the bill.

Contents of affidavit and search warrant may be proven when proper predicate is laid showing loss thereof and proper search for same. The character of evidence regarding the loss and search is

indicated in Wharton's Cr. Ev., 10th Ed., Secs. 207–211; Underhill's Cr. Ev., 3d Ed. § 94; Skiles v. State, 2 S. W. (2d) 436.

No effort seems to have been made to prove the contents of affidavit and warrant in the present case, and if such proof had been offered it would have been improper to admit it because of the insufficient predicate. Where the issue arises as it did here the mere proof that an affidavit was made and warrant issued is not sufficient to admit evidence of the result of the search. Henderson v. State, 108 Tex. Cr. R. 167, 1 S. W. (2d) 300.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*