# FEBRUARY 17, 1943

### JIM BLACKBURN v. THE STATE.

No. 22392. Delivered February 17, 1943.

The opinion states the case.

*Rollie Fancher*, of Seymour, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for possessing whisky and beer for the purpose of sale in a dry area, the punishment being a fine of $250.00.

Peace officers of Knox County (admittedly a dry area within the meaning of the Texas Liquor Control Act) searched the appellant's home and premises, and found therein beer and whisky in sufficient quantities to warrant the jury's conclusion under the prima facie evidence Rule, (Art. 666-23A and Art. 667-25, Penal Code) that same was possessed for the purpose of sale.

The appellant did not testify as a witness in his own behalf.

Appellant objected to the admission in evidence of testimony showing the result of the search of his premises because the State did not, as a condition precedent to the introduction of said testimony, exhibit a valid search warrant authorizing the search. The trial court's qualification to the bill of exception presenting this matter shows that the objection was overruled and that the testimony showing the result of the search was admitted "for the reason that the defendant had assented to the search."

The statement of facts shows that the sheriff, Mr. Cartwright, told appellant that he (the sheriff) had a search warrant and asked if appellant wanted it, and appellant said no, he had no use for the warrant, and told the officers to go ahead and search. Bills of exception numbers one and two both relate to objections interposed when the officers were asked to state what they found as a result of the search, the objection being that no search warrant had been "introduced in evidence." The trial court's qualification to each of said bills shows that the officers were permitted to testify as to the result of the search because appellant had consented thereto. So far as the record shows no search warrant was exhibited, and reliance was had on the claimed consent of appellant to the search.

The officers having told appellant they had a search warrant, his assent to the search under such circumstances is not a waiver of a valid warrant, and cannot be construed as consent to search. Lee v. State, 126 Tex. Cr. R. 18, 70 S. W. (2d) 185, and cases therein cited; Aguirre v. State, 109 Tex. Cr. R. 584, 7 S. W. (2d) 76, and cases cited.

When objection was interposed to evidence of the officers mere proof that the officers had a search warrant is no evidence that such warrant was regular on its face, and contained recitals showing compliance with legal requirements. Henderson v. State, 108 Tex. Cr. R. 167, 1 S. W. (2d) 300 and authorities cited; Humphreys v. State, 116 Tex. Cr. R. 304, 31 S. W. (2d) 631.

The objections to the officers' testimony, under the circumstances here shown, should have been sustained.

The judgment is reversed and the cause remanded.