JESSE GOMEZ V. STATE

No. 28,386. June 27, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 10, 1956.

*Joe P. Hatchitt,* Corpus Christi, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of marijuana; the punishment, four years.

Officer Jackson of the Narcotic Division of the Corpus Christi Police Department testified that as he entered La Cita Bar on the night in question he noticed the appellant, whom he had been informed was in possession of marijuana, starting toward the door and instructed his fellow officer to intercept him; that the appellant reached in his pocket and threw a penny match box five or six feet away; that he picked up the match box and, upon examining the same, determined that it contained a number of marijuana cigarettes. Jackson stated that the following day, in company with the appellant, he went to the appellant's home, where the appellant delivered to him a container of bulk marijuana.

It was stipualted that the chemists from the Texas Department of Public Safety, if present, would testify that the substance seized by Officer Jackson and submitted to them for examination was marijuana.

The appellant did not testify or offer any evidence in his own behalf. We find the evidence sufficient to support the conviction.

We shall discuss the contentions advanced in appellant's brief.

The offense was alleged to have occurred in March, 1954. The trial was held in February, 1956. On cross-examination of Officer Jackson, appellant's counsel asked if he had not been endeavoring for the last two years to get another case against the appellant. The officer answered that he had checked on him from time to time and watched him through field glasses. He was then asked why he was interested in the appellant, and the officer answered that he was interested in "anyone who has a

past record." Appellant contends that this last answer constituted proof that the appellant was a criminal generally. With this, we cannot agree. The officer was obviously referring to the instant offense, which was some time in coming to trial.

Appellant next contends that the search of the appellant's home on the day following was unauthorized because Officer Jackson had no search warrant. Jackson stated that appellant voluntarily went with him to appellant's home and handed the bulk marijuana to him from where it was concealed. He stated the appellant gave his permission to search his residence, "to prevent us from disturbing his wife and to save us having, to save from having his house messed up, which is usually done in a search." Since the appellant did not testify, this is all the evidence on the question of consent. We could not hold as a matter of law that consent was not shown.

Finding no reversible error, the judgment of the trial court is affirmed.