## Audrey Renea Brown v. State

No. 29,702. April 23, 1958.
State's Motion for Rehearing Overruled
(Without Written Opinion) June 4, 1958.

*John Cutler*, Houston, for appellant.

*Dan Walton*, District Attorney, *Thomas D. White* and *E. D. Michalek*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is possession of policy paraphernalia; the punishment, a fine of $100.00. Trial was before the court without the intervention of a jury.

Our disposition of this case precludes the necessity of stating the facts other than to observe that the officers testified that they searched the appellant's home under the authority of a search warrant. At the time they testified as to the fruits of the search, the appellant objected on the grounds that the search and the arrest of the appellant were illegal. We have searched this record in vain and have been unable to find where the search warrant was ever produced or exhibited to the trial court for his inspection.

In Blackburn v. State, 145 Texas Cr. Rep. 384, 162 S.W. 2d 662, this court, speaking through Judge Hawkins, said:

"When objection was interposed to evidence of the officers, mere proof that the officers had a search warrant is no evidence that such warrant was regular on its face, and contained recitals showing compliance with legal requirements. Henderson v. State, 108 Texas Cr. Rep. 167, 1 S.W. 2d 300, and authorities cited; Humphreys v. State, 116 Texas Cr. Rep. 304, 31 S.W. 2d 631.

"The objections to the officers' testimony, under the circumstances here shown, should have been sustained."

The judgment is reversed and the cause remanded.