James Brannon VINES, Appellant,

v.

The STATE of Texas, Appellee.

No. 38927.

Court of Criminal Appeals of Texas.

Jan. 12, 1966.

Chappell & McFall, by John R. McFall, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., William M. LauBach, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for the unlawful sale of marijuana; the punishment, five years.

Our disposition of the case renders unnecessary a recitation of the facts other than to observe that to sustain the conviction the state relied upon the fruits of the search of a certain house in the city of Lubbock by Sgt. Bill Bessent and other officers of the Lubbock police department, under the authority of a search warrant.

Prior to Officer Bessent's testifying relative to the search and the fruits thereof, appellant timely objected on the ground that it had not been shown that the search was lawful.

■ Appellant's objection was by the court overruled, and at no time did the state produce the search warrant under which the search was made.

Such action by the court presents reversible error.

Upon timely objection being made by the appellant, it was incumbent upon the state, under the facts, to produce and exhibit to the court a valid search warrant. Having failed to produce such warrant, appellant's objection to the officer's testimony should have been sustained. Henderson v. State, 108 Tex.Cr.R. 167, 1 S.W. 2d 300; Blackburn v. State, 145 Tex.Cr. R. 384, 168 S.W.2d 662; Brown v. State, 166 Tex.Cr.R. 322, 313 S.W.2d 297.

■ Being shown to have been legitimately on the premises at the time of the search, appellant is in position to challenge the validity thereof, under the holding of the Supreme Court of the United States in Jones v. United States, 80 S.Ct. 725, 362 U.S. 257, 4 L.Ed.2d 697.

The state confesses error and does not pray for an affirmance of the conviction.

The state further concedes that the court committed error in permitting it to improperly bolster the testimony of its witness Leopha Holland, in violation of the rule stated in the recent case of Lyons. v. State, Tex.Cr.App., 388 S.W.2d 950.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the court.