**Jose T. ORTEGA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43317.**

Court of Criminal Appeals of Texas.

Feb. 24, 1971.

Rehearing Denied April 14, 1971.

E. Gerald Sutton, Killeen, for appellant.

Stanley Kacir, Dist. Atty., and Glenn Michalk, Asst. Dist. Atty., Belton, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for the possession of marihuana. The trial was before a jury; the punishment of ten years was assessed by the court.

The search of appellant's house and curtilage resulted in the officers finding a total of 212.16 grams of marihuana. The chemist testified that five cigarettes could be made from a gram of marihuana.

The sole question presented is the legality of the search.

The appellant filed a motion to suppress the evidence on the ground that the magistrate had no probable cause to order a search of his property.

The motion was called to the attention of the court and was overruled. Appellant made no attempt to offer any evidence on the motion and made no offer of proof which is authorized under Article 40.09, Section 6(d) (1), Vernon's Ann. C.C.P.

At the trial on the merits, Detective Hill of the Killeen Police Department testified

that he and others kept surveillance and watched traffic going to appellant's house, and that later the same evening he returned with a warrant to search appellant's home, and served the warrant.

He was testifying about the search and that some items including two flour canisters were removed from the house when appellant's counsel then objected on the grounds that the foundation for a legal search and seizure had not been shown.

When appellant made his motion to suppress the evidence on the grounds that the magistrate lacked probable cause to order the search, he was apparently satisfied that the warrant was valid on its face. There is no challenge that the warrant was not valid on its face. The issue then was if there was sufficient probable cause shown in an affidavit for the issuance of the search warrant.

The objection in the motion to suppress cannot be construed to mean that he contended no search warrant existed.

█ Once the State shows that a valid search warrant is in existence at the time of the search, the burden of going forward is then on a defendant to prove that the affidavit is insufficient as a matter of law and to see that the search warrant and the affidavit are included in the record on appeal.

Appellant had the burden of going forward on his motion to suppress evidence; when he made the objection on the trial on the merits, he had already recognized the existence of a search warrant.

This was apparently a matter of tactics. Evidently, appellant did not want the State to exhibit the search warrant before the court, but wanted the State to produce the affidavit upon which the warrant was issued and to show it was sufficient as a matter of law.

In Williams v. Beto, 354 F.2d 698 (5th Cir. 1965), the Court held that trial tactics which do not work as planned are not basis for relief.

In Henderson v. State, 108 Tex.Cr.R. 167, 1 S.W.2d 300, the objection was that the State had not shown that the officers had a valid search warrant. In the present case, no issue of the existence of a search warrant was raised.

In Blackburn v. State, 145 Tex.Cr.R. 384, 168 S.W.2d 662, the officers told the accused that they had a search warrant. When asked if he wanted to see it, Blackburn replied that he did not and told the officers to go ahead and search. The trial court admitted the evidence seized on the grounds that Blackburn consented to the search. This Court held that the consent given after the officer conducting the search had said that he had a search warrant cannot be considered as voluntarily given. The court noted that it was not shown at the trial that a search warrant in fact existed.

In Blackburn there was a challenge in the trial that a search warrant ever actually existed.

In Brown v. State, 166 Tex.Cr.R. 322, 313 S.W.2d 297, this Court stated:

" * * * At the time they (officers) testified as to the fruits of the search, the appellant objected on the grounds that the search and the arrest of appellant were illegal. We have searched this record in vain and have been unable to find where the search warrant was ever produced or exhibited to the trial court for his inspection."

In Brown, the following is found in the record: "The defendant objects to the search warrant itself and the defendant objects to the search warrant as being a valid search warrant. * * * "

If there had been an objection stating that the search was illegal and that no valid warrant was in existence a different problem would be presented. See Vines v. State, Tex.Cr.App., 397 S.W.2d 868.

As stated before, appellant in the present case recognized the existence of the search warrant.

In Ciulla v. State, 434 S.W.2d 948 (First Court of Texas Civil Appeals), a juvenile was arrested. There was a five-hour interval from the time of arrest until the car was searched. When the validity of the search was challenged no evidence was introduced that a warrant ever existed. The existence of a warrant was challenged.

In James v. State, 146 Tex.Cr.R. 456, 175 S.W.2d 966, the following appears:

"Appellant also insists that the predicate was insufficient in admitting the evidence found as a result of the search. When objection to such evidence was made, the county attorney presented the search warrant to the trial court. This was the correct proceeding. It would have been improper to have introduced the warrant before the jury. The court overruled the objection. The presumption is that upon inspection the trial court found the search warrant regular and sufficient, otherwise the objection would have been sustained. If appellant thought the warrant insufficient on its face, or that it was predicated upon insufficient evidence, he should have brought it forward in a bill in order to apprise us of the trouble. * * *"

In all of the cases relied upon for reversal that was a challenge that a search warrant in fact existed, that the search warrant was not valid, or that the predicate was insufficient to show a valid search (where there was no showing that a warrant existed).

The correct rule applicable to the present case is found in United States v. Thompson, 421 F.2d 373, 377 (5th Cir. 1970), which was quoted in Mattei v. State, Tex. Cr.App., 455 S.W.2d 761, 765, and is as follows:

"There was uncontradicted testimony at the hearing that a Louisiana criminal district judge issued a warrant for the search, and this testimony was sufficient to establish the issuance of the warrant. See Castle v. United States, 5th Cir. 1961, 287 F.2d 657; United States v. Burkhart, 6th Cir. 1965, 347 F.2d 772. Since the issuance of a warrant was effectively established, the burden of establishing that the search was illegal was on movant-defendant. Rogers v. United States, 5th Cir. 1964, 330 F.2d 535; Batten v. United States, 5th Cir. 1951, 188 F.2d 75; Chin Kay v. United States, 9th Cir. 1962, 311 F.2d 317. Defendant, however, completely failed to sustain his burden of proving that the warrant was illegally issued or executed. Defendant had access to the public records where the warrant was filed; he could have introduced the document into evidence in order to prove that it was illegally issued or executed. He did not do so. In truth, defendant's only complaint is that the prosecution did not introduce the warrant into evidence. We are aware of no rule of procedure, evidence or law that requires the prosecution to introduce a search warrant into evidence under such circumstances as are presented here. There was no error in the trial judge's allowance of testimony concerning the evidence seized at the house of defendant's mother."

It is a better practice to show in the record that the warrant was exhibited to the court. However, when the existence of the warrant is recognized in a motion to suppress and there is uncontradicted testimony that a warrant existed, as in the present case, and there is no objection to its validity on its face, we hold that it is not necessary for the record to show that the warrant was exhibited to the court.

The record contains no reversible error. The judgment is affirmed.

ONION, Presiding Judge (dissenting).

The sole question presented concerns the failure of the State, upon timely objection, to produce and exhibit to the trial judge

for his inspection the search warrant by which authority the officers testified they searched appellant's home.

At the trial on the merits Detective Herbert Hill of the Killeen Police Department testified that on May 22, 1969, after an earlier surveillance of the building in question, he returned the same evening about 10:30 p. m. "with a warrant to search the residence of Mr. Ortega," and forcibly entered when he discovered no one was there. No reference was made as to who had issued the warrant, the date thereof, or any other recitals or details.

Prior to the time that Detective Hill testified about the fruits of the crime, the appellant objected to any further testimony until there was "shown the foundation for a legal search and seizure." The objection was promptly overruled and the appellant duly excepted. Testimony as to the fruits of the search then followed. Nowhere in this entire record is there any indication that the search warrant in question was ever produced and exhibited to the trial court for its inspection. No search warrant appears in the record.

It is clear from the objection that the appellant was challenging the "foundation" for any search, questioning the existence of a search warrant referred to by the officers or the validity of the same if one did in fact exist. Since the appellant was not bound by the officer's mere statement he had a search warrant, he was demanding the production, the display or exhibition of the search warrant claimed to be the foundation of the search in question.

In Blackburn v. State, 145 Tex.Cr.R. 384, 168 S.W.2d 662, the "appellant objected to the admission into evidence of testimony showing the result of the search of his premises because the State did not, as a condition precedent to the introduction of said testimony exhibit a valid search warrant authorizing the search."

There this court, speaking through Judge Hawkins, said:

"When objection was interposed to evidence of the officers, mere proof that the officers had a search warrant is no evidence that such warrant was regular on its face, and contained recitals showing compliance with legal requirements. Henderson v. State, 108 Tex. Cr.R. 167, 1 S.W.2d 300, and authorities cited; Humphreys v. State, 116 Tex.Cr. R. 304, 31 S.W.2d 631.

"The objections to the officers' testimony, under the circumstances here shown, should have been sustained."

In the earlier case of Henderson v. State, 1 S.W.2d 300, this court wrote:

"We perceive nothing objectionable in the statement of the officer that they had a search warrant. This was proof only of the fact that they were in possession of a warrant. The real question is, having proved only that the officers had a search warrant, without any showing that it was regular on its face, had the state laid a sufficient predicate to permit evidence as to the result of the search? Our present statutes, notably articles 4a and 727a, C.C.P. (1925), place the receipt of evidence secured by search of a private residence somewhat on the same basis as the confession of the accused which is excluded by statute unless taken under certain conditions (article 727, 1925 C.C.P.), which requires a predicate to be laid by the state which prima facie shows that the formalities have been complied with before the confession becomes admissible."

There the court concluded:

"In the absence of a showing that the warrant under which the officers assumed to act in the present case was regular on its face and contained recitals showing compliance with the legal requirements, the learned trial judge fell into error in admitting proof of the evidence complained of."

And in Humphreys v. State, 31 S.W.2d 631, the court said:

"Where the issue arises as it did here, the mere proof that an affidavit was made and warrant issued is not sufficient to admit evidence of the result of the search. Henderson v. State, 108 Tex.Cr. R. 167, 1 S.W.2d 300."

It is clear from these cases that such rule applied even if mere proof that a warrant was issued or existed was, at the time of the objection, uncontradicted.

In Brown v. State, 166 Tex.Cr.R. 322, 313 S.W.2d 297, the officers related they searched the defendant's home by virtue of a search warrant. At the time they testified as to the fruits of the search there was an objection that the search was illegal. No search warrant was produced or exhibited to the trial court. In reversing Brown's conviction Judge Morrison quoted from the Blackburn opinion above.

In Vines v. State, Tex.Cr.App., 397 S.W. 2d 868, prior to the time the officer testified to the fruits of the search, the "appellant timely objected on the ground that *it had not been shown that the search was lawful.*" (emphasis supplied) Such objection in Vines was also overruled and at no time did the State produce the search warrant under which the search was claimed to have been made.

In Vines this court said:

"Upon timely objection being made by the appellant, it was incumbent upon the state, under the facts, to produce and exhibit to the court a valid search warrant. Having failed to produce such warrant, appellant's objection to the officer's testimony should have been sustained. Henderson v. State, 108 Tex. Cr.R. 167, 1 S.W.2d 300; Blackburn v. State, 145 Tex.Cr.R. 384, 168 S.W.2d 662; Brown v. State, 166 Tex.Cr.R. 322, 313 S.W.2d 297." See also Nunez v. State, 168 Tex.Cr.R. 455, 329 S.W.2d 93; 11 Tex.Digest, Crim.Law, ☞394.5(1);

51 Tex.Jur.2d, Searches and Seizures, Sec. 45, p. 729.

In Ciulla v. State, 434 S.W.2d 948, 951, the First Court of Texas Civil Appeals, speaking through Associated Justice Coleman, said:

"The objections made to the introduction into evidence of the results of the second search required that the State produce evidence sufficient to satisfy the court that the search was made under the authority of a search warrant, valid on its face, or to show by evidence, as a condition precedent to the admission of the marijuana, that such evidence was lawfully obtained. Lee v. State, 167 Tex. Cr.R. 608, 322 S.W.2d 260 (1958); Brown v. State, 166 Tex.Cr.R. 322, 313 S.W.2d 297 (1958); Gomez v. State, 163 Tex. Cr.R. 469, 293 S.W.2d 657 (1956); Sampson v. State, 160 Tex.Cr.R. 302, 268 S.W. 2d 661 (1953)."

Further, in 51 Tex.Jur.2d, Sec. 46, p. 731, it is written:

"To justify the admission of evidence obtained by a search, the prosecution must first show prima facie that the formalities requisite to such a search were complied with. The production of a search warrant that is regular on its face is sufficient to justify the admission of such evidence; unless, of course, the accused can show that the warrant was issued on an invalid affidavit, or that it was void for other reasons. If the warrant has been lost, the prosecution may show its existence and validity by parol evidence. But if the warrant is not produced and its loss and contents are now shown, evidence of the results of the search is inadmissible."

The procedure that the State should have followed upon timely objection is well described in James v. State, 146 Tex.Cr.R. 456, 175 S.W.2d 966 and need not be discussed here. See also Lee v. State, 322 S. W.2d 260.

The majority obviously recognizes the well established rule under discussion but attempts to distinguish some of the cases by saying that the rule came into play in those cases only because certain objections were made, i. e., that the search was illegal or that no valid warrant existed, etc., while here no such particular type of objection was urged. I do not understand that the rule can only be invoked by the utterance of certain magic words, and it tests the credulity of any man to believe that an objection to further testimony unless there is "shown the foundation for a legal search and seizure" is insufficient. I do not read any of the cases involving the rule under discussion as turning upon the nature or particular words of the objection urged.

To strengthen its highly unrealistic position the appellant is faulted by the majority for not challenging the validity of the warrant on its face when the same was never produced, there is no showing that appellant and his counsel ever saw the same, and there is nothing in the record except the officer's testimony that one even existed. The majority *assumes* the appellant was apparently satisfied that the unproduced warrant was valid on its face because in his handwritten motion to suppress [1] he urged that the magistrate lacked probable cause to order the search even though in such motion it is not mentioned whether such "order" was verbal or written. Further, as though the same could be determinative, the appellant is again faulted for not offering evidence on his motion to suppress when Article 28.01, V.A.C.C.P., expressly governing such motions provides that a determination may be made upon the motion itself.

Despite the foregoing, the majority concludes with this rather remarkable qualification of the well established rule—that the rule has no application when existence of a search warrant is recognized in a motion to suppress, there is mere proof by officers that they had a search warrant, and the objection offered does not somehow expressly refer to the validity on its face of the unproduced warrant (which neither the court, the prosecutor nor defense may have ever seen.) If this combination exists then the majority reasons the search warrant need not be exhibited to the trial court, included in the record, or made available to this court. Under such fact situation an accused who made mere reference in a motion to suppress to an "order" of a magistrate will be deemed to recognize the existence of a warrant, valid or invalid, and when witnesses later assert they had a warrant, and any objection questioning the right to search does not expressly include a reference to the validity on its face of the still unproduced warrant, the warrant need be never shown to the appellant and his counsel, the trial court or this court, and it will be assumed there was a valid search. This never has been nor should be the law.

Much confusion exists between the burdens of persuasion and of producing evidence. Regrettably the majority adds to the confusion when it, not disowning the rule under discussion, or overruling the earlier cases, says the "correct rule" as to burden is found in United States v. Thompson, 5th Cir., 421 F.2d 373, which involved Rule 41, Federal Rules of Criminal Procedure. Even there, however, the court noted the burden of establishing that the search was illegal passed to the "movant-defendant" only after the "issuance of a warrant was effectively established." Actually, this is not in conflict with earlier Texas cases quoted above, which hold that upon timely

---

1. The motion to suppress reads:

"Now comes Jose T. Ortega and makes a motion to suppress evidence by reason of no probable cause to order a search of his property by the magistrate concerned, and such evidence, if any, cannot be connected to the defendant as the owner of said evidence. Said evidence alleged as marihuana in the charge and indictment. Due to illegally obtained evidence, this motion is made to suppress all evidence seized.

Jerry Sutton
Defense Counsel."

objection, in cases such as the one at bar, it is incumbent upon the State to exhibit the search warrant to the trial court upon timely objection. If the court is satisfied, after the exhibition of such instrument, that the warrant is valid on its face, then a prima facie presumption is created (Chorn v. State, 107 Tex.Cr.R. 521, 298 S.W. 290) and the burden of proof shifts to the accused to see that the search warrant is included in the record and to prove his claim there was an illegal search. See James v. State, 175 S.W.2d 966; Lee v. State, 322 S.W.2d 260. This shift in burden after the warrant is exhibited to the trial court, however, does not justify ignoring the initial burden placed upon the State.

In Jones, "Translating Recent Supreme Court Decisions Into Courtroom Reality," 19 Baylor Law Review, No. 3, p. 371, 397, 398 (Summer—1967), it was written:

"The Fourth Amendment requires fruits of a search conducted by officers to be barred unless the search was reasonable.

"A predicate consisting of proof sufficient to show prima facie that the search was reasonable must be laid before fruits of the search will be admissible.

"The burden of laying that predicate is on the prosecution. Where that burden is not met and defendant interposes proper objection the judge will reversibly err if he admits before the jury testimony showing fruits of the search.

"The prosecution will discharge that burden, if, in the hearing held by the judge out of the presence of the jury, there is adduced proof sufficient to show that the search was conducted pursuant to a search warrant valid on its face * * *"

Judge Davidson, in his dissenting opinion in Lee v. State, 322 S.W.2d 260, discussed at some length this very question of the burden of producing evidence. There he wrote (at p. 263):

"What I have said is to demonstrate that unless and until evidence obtained in a search or arrest is, prima facie, shown to be obtained in accordance with legal requirements and therefore reasonable, its receipt in evidence in a criminal case is expressly prohibited and unlawful." See Article 38.23 (formerly 727a), V.A.C.C.P.; Art. I, Sec. 9, Texas Constitution; Fourth Amendment, United States Constitution.

And Judge Woodley in Nunez v. State, 168 Tex.Cr.R. 455, 329 S.W.2d 93, arrived at exactly the same conclusion.

It is interesting to note that Judge Davidson in the aforesaid dissenting opinion observed that for the State to comply with the burden cast upon it, "the least objection by the accused is all that is or should be required." He observed that a general objection would be sufficient.

I, therefore, dissent with all the vigor at my command to the majority's disruption of a well advised and well settled rule.

MORRISON, J., joins in this dissent.