Opinion Issued July 8, 2004 
















     




In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00562-CR




DEJUAN JERMAINE HANDY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 927152




MEMORANDUM OPINION

          A jury found appellant, Dejuan Jermaine Handy, guilty of aggravated robbery.


 
The trial court assessed his punishment at 35 years’ confinement. In two issues
presented for review, appellant contends that (1) the trial court erred by denying his
motion to suppress and by allowing testimony regarding illegally obtained evidence,
and (2) the prosecutor presented improper jury argument. We affirm. 
Facts
          On July 4, 2002, around midnight, Ruben Acuna was walking towards his
black Lexus after leaving the Snappy Mart convenience store in Houston when
appellant approached him, put a handgun to his head, and demanded that he turn over
his car as well as a ring and a necklace that he was wearing. Acuna complied. He
then ran back inside the store to call the police.
          Houston Police Officer Gwosdz responded to the call. He testified that Acuna
described the suspect as a black male, approximately 21-years old, six feet tall, 180
pounds, wearing a light blue T-shirt, blue shorts, and a light blue visor. Acuna told
Gwosdz that he believed the handgun the robber used was either a 9-mm or a .45
caliber. 
          The next day, Houston Police Officer Reedy located Acuna’s black Lexus in
the parking lot of an apartment complex near the Snappy Mart. Reedy contacted the
Robbery Division of the Houston Police Department. Houston Police Officer
Nasworthy responded to the call and lifted fingerprints from the outside and inside
of Acuna’s Lexus. Houston Police Officer Rowe matched the prints taken by
Nasworthy to the known prints of appellant. Based on the match, Houston Police
Detective Cherry placed appellant’s picture in a photo array. Acuna positively
identified appellant from the photo array. 
          On October 24, 2002, Agent Anthony Johnston, an agent with the Bureau of
Alcohol, Tobacco, Firearms, and Explosives, assisted the Houston Police Department
in executing a search warrant. Johnson and Houston police officers executed the
search warrant and found appellant inside the house. Appellant was subsequently
arrested because he was found in possession of a Beretta .45-caliber semiautomatic
handgun. Johnson testified that, after appellant was arrested, he discovered that
appellant had an arrest warrant pending.
          At trial, appellant presented an alibi defense. Appellant’s brother, Chad Green,
his sister, Alfreda Raymond, and his sister’s friend, Tamara Bell, all testified that, at
the time of the robbery, they were together with appellant at appellant’s mother’s
house for a barbeque to celebrate the holiday. Raymond testified that she stayed at
the house until 11:45 p.m and that appellant was still there when she left. Green
testified that appellant did not leave their mother’s house between the hours of 10:00
p.m. and midnight. Green further testified that, the day after the robbery, appellant
received a telephone call from Sharif, a friend, asking appellant and Green to come
over. When Green and appellant went to Sharif’s apartment complex, Sharif showed
them a black Lexus he had “jacked.” 
          Appellant also testified in his defense. He claimed that he was at his mother’s
house for the barbeque on the day of the robbery. He then testified that, the day after
the robbery, when he went to Sharif’s apartment and saw the black Lexus, he
purchased the battery from the vehicle and removed it himself, thus explaining how
his fingerprints were found on the car. Appellant admitted that, when he was
arrested, there was a weapon near him which belonged to him and that he had
previously been convicted for possession of a controlled substance. The jury rejected
appellant’s alibi defense and convicted him of aggravated robbery.

Discussion
Motion to Suppress
          In his first issue, appellant contends that the trial court erred by denying his
motion to suppress and allowing testimony regarding illegally obtained evidence
because officers conducted an illegal search of his home. In particular, appellant
contends that, because he challenged the probable cause for an arrest or search and
the State intended to justify its search of appellant’s home on the basis of a warrant,
the State was required to produce the warrant for the trial court’s inspection to
determine its sufficiency; because the State failed to produce the warrant for the
court’s inspection, the evidence should have been suppressed. 
          Production of Warrant
          In a pretrial written motion to suppress, appellant claimed that the Houston
Police Department’s execution of a search warrant at his residence violated his
constitutional and statutory rights. Appellant sought to suppress tangible evidence
seized in connection with the investigation and his arrest, together with any testimony
from law enforcement officials concerning the tangible evidence seized. The trial
court did not hold a suppression hearing prior to trial. 
          During trial, when the State called Agent Johnson to testify, appellant brought
his motion to suppress to the trial court’s attention. Outside the presence of the jury,
the State elicited testimony from Johnson, and appellant cross-examined him. 
Appellant argued that his motion to suppress challenged the actual search warrant that
led the officers to him and thus shifted the burden of proof to the State to show that
the search warrant was issued by a neutral magistrate. Appellant also argued that
Johnson could not testify regarding the information used to obtain the search warrant. 
The trial court denied appellant’s motion to suppress. 
          Appellant now contends that, although he challenged the search of his home
and the seizure of the handgun found, the State did not present for the court’s
inspection the search warrant upon which the officers relied. Appellant argues that,
since the State failed in its burden of producing the warrant, the handgun was
obtained in violation of the laws of Texas and in violation of the Fourth Amendment
and, consequently, the handgun and Johnston’s testimony regarding the seizure of the
handgun should not have been allowed before the jury. 
          In Ortega v. State, 464 S.W.2d 876, 877 (Tex. Crim. App. 1971), the Court of
Criminal Appeals held that, by making an objection as to the merits of the warrant
and supporting affidavit, the defendant had recognized the existence of a search
warrant; therefore, the burden of going forward on the ground that the magistrate had
no probable cause to issue the warrant was on the defendant, who had to prove that
the affidavit for the warrant was insufficient as a matter of law and who had to ensure
that the warrant and affidavit were included in the record on appeal. Id. 
          Here, appellant does not challenge the existence of a warrant. Furthermore,
while the search warrant and its supporting affidavit do not appear in the record, the
State introduced testimony that a warrant was obtained, and appellant produced no
contrary evidence. See Underwood v. State, 967 S.W.2d 925, 928-29 (Tex.
App.—Beaumont 1998, pet. ref’d). When the existence of the warrant is recognized
in a motion to suppress, there is uncontradicted testimony that a warrant existed, and
there is no objection to its validity on its face, as in the present case, it is not
necessary for the record to show that the warrant was exhibited to the court. See
Ortega, 464 S.W.2d at 878. We hold that, although the State did not produce the
actual arrest warrant, the trial court had adequate opportunity to determine whether
probable cause existed.


 See Etheridge v. State, 903 S.W.2d 1, 19 (Tex. Crim. App.
1994). 
          Evidence Seized
          Appellant further contends that, because the handgun was unlawfully obtained,
it should have been excluded from evidence. However, when a defendant “testifies
to the possession of evidence which he has challenged as being unlawfully seized, he
waives the error.” Jones v. State, 843 S.W.2d 487, 493 (Tex. Crim. App. 1992);
accord Creel v. State, 493 S.W.2d 814, 819 (Tex. Crim. App. 1973). Moreover, when
the defendant testifies to the same facts that were proved by the State, error, if any,
in admitting such facts is harmless. Jones, 843 S.W.2d at 493.


 
          Here, appellant, in his own defense, on direct examination, testified about
owning the handgun. He testified that, although the weapon belonged to him, it was
not registered in his name and that he bought it off the streets. On cross-examination,
appellant also testified, without objection, that he was in possession of the handgun
when he was arrested. 
          Appellant’s testimony was not impelled to meet, destroy, or explain his
possession of the handgun, and appellant makes no such claim. The record clearly
shows that the purpose of appellant’s testimony was to present his alibi defense. The
issue of whether there was a valid search and seizure was thus waived or rendered
harmless by appellant’s own testimony. 
          We overrule appellant’s first issue. 
Jury Argument
          In his second issue, appellant contends that the prosecutor presented improper
jury argument by asking the jury to place themselves in the shoes of the victim and
by giving her personal opinion as to the guilt and character of appellant. 
            During the State’s closing argument, the following exchange occurred: 
[Prosecutor]:What scared me to death and it should
scare you, too, is the fact that this guy
right here is such a brazen criminal that
he would go up to a 29-year-old man,
who looks like, as I described him
could hold his own in a fight; okay? 
This is probably not a guy you would
want to rob. If he is such a brazen
criminal and committed such a brazen
crime by holding a handgun to a guy’s
head, what’s he going to do with us?
 
[Appellant]:Your Honor, that is inappropriate
—Your Honor, we object to
inappropriate plea for law enforcement,
inappropriate argument. 
 
[Court]:The lawyers’ arguments are not
evidence, ladies and gentlemen.
 
[Prosecutor]:You need to go back there and you
need to do the right thing. This guy,
yes, he’s a drug dealer. He is also a
robber and he’s dangerous and cannot
see the light of day again. 

          The law provides for, and presumes, a fair trial, free from improper argument
by the State. Long v. State, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991). Proper
jury argument must encompass one of the following: (1) a summation of the evidence
presented at trial; (2) a reasonable deduction drawn from that evidence; (3) an answer
to the opposing counsel’s argument; or (4) a plea for law enforcement. Guidry v.
State, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999); Sandoval v. State, 52 S.W.3d 851,
857 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d). To determine whether a
party’s argument properly falls within one of these categories, we must consider the
argument in light of the entire record. Sandoval, 52 S.W.3d at 857. In most cases,
if error occurs, an instruction to disregard will cure any error committed. Shannon
v. State, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996). 
          To complain about an erroneous jury argument on appeal, a defendant must
object and pursue that objection to an adverse ruling. Simpson v. State, 119 S.W.3d
262, 268 (Tex. Crim. App. 2003) (citing Cockrell v. State, 933 S.W.2d 73, 89 (Tex.
Crim. App. 1996)). A party must, therefore, object to the argument, request an
instruction for the jury to disregard, and then move for a mistrial. See Cockrell, 933
S.W.2d at 89. Here, although appellant objected to the prosecutor’s statements, he
failed to pursue his objection to an adverse ruling; rather, after appellant objected, the
trial court instructed the jury that “[t]he lawyers’ arguments are not evidence, ladies
and gentlemen.” When an adverse ruling is not obtained, nothing is preserved for
review. Flores v. State, 871 S.W.2d 714, 722-23 (Tex Crim. App. 1993) (judge’s
response, “[l]adies and gentlemen, I’ll remind you that what the attorneys say is not
evidence and cannot be considered by you as any evidence” to appellant’s objection
did not preserve error for appeal because although judge did not give clear instruction
to disregard, appellant, apparently being satisfied, did not pursue objection to obtain
adverse ruling). 
          Accordingly, we overrule appellant’s second issue. 
Conclusion
          We affirm the judgment of the trial court. 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Bland.
Do not publish. Tex. R. App. P. 47.4.