02-11-087-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00087-CR

 

 


 
 
 Richard Allan Gard
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 396th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Richard Allan Gard appeals his conviction for possessing between four grams and
two hundred grams of methamphetamine with intent to deliver.[2] 
In three points, appellant contends that the trial court erred by denying his
motion to suppress evidence due to allegedly excessive force in his arrest,
that the trial court erred by denying his motion to suppress evidence because
the search of his car was illegal, and that the evidence is insufficient to
support his conviction.  We affirm.

Background
Facts

          In
December 2009, Euless Police Department Officer Hung Ho obtained a search
warrant for appellant’s home and car.  Several plain clothes officers,
including Officer Ho, were stationed near appellant’s home to wait for his
arrival.  The officers saw appellant drive toward his home and then continue
past it.  Officer Ho followed appellant in an unmarked police car and witnessed
three traffic violations.  Officer Ho then called marked patrol units to the
scene to stop appellant.  Appellant stopped his car, and Officer Ho approached
him, commanding him to get out of the car.  Because appellant did not
immediately do so, Officer Ho pulled him from the car, put him on the ground on
his stomach, and placed him in handcuffs.  According to Officer Ho’s testimony
at trial, when officers rolled appellant onto his back, they found, where
appellant’s stomach had been, two baggies containing methamphetamine and three
empty plastic baggies.  Officer Ho testified that these items were not on the
street before he put appellant on the ground.

          The
police searched appellant, finding a cell phone and $590.  The police also
searched appellant’s car and found another plastic bag containing
methamphetamine, a digital scale, and “some other various pills.”  The police
later searched appellant’s home and found three more bags of methamphetamine.

          A
Tarrant County grand jury indicted appellant for possessing more than four grams
but less than two hundred grams of methamphetamine with intent to deliver.  Appellant
pled not guilty.  Before trial, appellant filed a motion to suppress evidence
concerning items “seized from his person, the ground around him, and the motor
vehicle . . . as such was obtained as a result of an illegal search . . . in
violation of his rights.”[3]  Under a broad construction
of the motion to suppress, appellant argued, among other assertions, that the
search of his car was made without a warrant or another ground supporting the
search.  The trial court denied appellant’s motion.  After receiving evidence
and arguments from the parties, the jury found appellant guilty.  The trial
court sentenced appellant to thirty years’ confinement.  Appellant brought this
appeal.

Preservation
of Error

In
his first point, appellant argues that the trial court erred by denying his
motion to suppress because the police used excessive force while arresting him. 
The State contends that appellant forfeited his complaint about excessive force.
 We agree with the State.

To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Lovill v. State,
319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court’s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138
S.W.3d 334, 341 (Tex. Crim. App. 2004).  A reviewing court should not address
the merits of an issue that has not been preserved for appeal.  Wilson v.
State, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh’g).

All
a party has to do to avoid the forfeiture of a complaint on appeal is to let
the trial judge know what he wants, why he thinks himself entitled to it, and
to do so clearly enough for the judge to understand him at a time when the
trial court is in a proper position to do something about it.  Lankston v.
State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992); see Clark v. State,
365 S.W.3d 333, 339 (Tex. Crim. App. 2012).  The objections made at trial,
however, must comport with the error raised on appeal.  See Clark, 365
S.W.3d at 339; Camacho v. State, 864 S.W.2d 524, 533 (Tex. Crim. App.
1993), cert. denied, 510 U.S. 1215 (1994); Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).

Appellant
argues in his first point that evidence should have been suppressed because the
police used excessive force.  However, appellant did not urge this basis for
excluding evidence in his written motion to suppress or in the hearing on that
motion.  Instead, in his written motion (as broadly construed), appellant contended
that evidence should have been excluded because the police either illegally
stopped his car or illegally searched his car.  At the beginning of the hearing
on appellant’s motion, appellant’s counsel conceded that the basis of the
motion to suppress was that there was no justification for the police’s stopping
appellant’s car.  Appellant’s counsel questioned Officer Ho about the amount of
force used, but appellant never asserted excessive force as a ground for
suppression and never connected this line of questioning to illegally obtained
evidence.

As
appellant never claimed in the trial court that evidence should have been
excluded on the ground that the police used excessive force, he has forfeited
that point on appeal.  See Clark, 365 S.W.3d at 339 (explaining that “if
a party fails to properly object to constitutional errors at trial, these
errors can be forfeited”); Camacho, 864 S.W.2d at 533; Rezac, 782
S.W.2d at 870; Hargrove v. State, 162 S.W.3d 313, 324 (Tex. App.—Fort
Worth 2005, pet. ref’d).  We overrule appellant’s first point.

The
Search of Appellant’s Car

          In
his second point, appellant contends that the trial court erred by denying his
motion to suppress evidence found in his car.  Appellant argues that the search
of his car was unauthorized in connection with his arrest under Arizona v.
Gant, 556 U.S. 332, 351, 129 S. Ct. 1710, 1723–24 (2009).  In fact, in the
argument portion of his second point, appellant relies only on Gant.

          We
review a trial court’s ruling on a motion to suppress evidence under a
bifurcated standard of review.  Amador v. State, 221 S.W.3d 666, 673
(Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).  In reviewing the trial court’s decision, we do not engage in our
own factual review.  Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim.
App. 1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth
2003, no pet.).  The trial judge is the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony.  Wiede
v. State, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); State v. Ross,
32 S.W.3d 853, 855 (Tex. Crim. App. 2000), modified on other grounds by
State v. Cullen, 195 S.W.3d 696 (Tex. Crim. App. 2006).

          When
reviewing the trial court’s ruling on a motion to suppress, we must view the
evidence in the light most favorable to the trial court’s ruling.  Wiede,
214 S.W.3d at 24; State v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App.
2006).  When the trial court makes explicit fact findings, we determine whether
the evidence, when viewed in the light most favorable to the trial court’s
ruling, supports those fact findings.  Kelly, 204 S.W.3d at 818–19.  We
then review the trial court’s legal ruling de novo unless its explicit
fact findings that are supported by the record are also dispositive of the
legal ruling. Id. at 818.  We must uphold the trial court’s ruling if it
is supported by the record and correct under any theory of law applicable to
the case even if the trial court gave the wrong reason for its ruling. State
v. Stevens, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); Armendariz v.
State, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied, 541
U.S. 974 (2004).

The
Fourth Amendment protects against unreasonable searches and seizures by
government officials.  U.S. Const. amend. IV; Wiede, 214 S.W.3d at 24. 
To suppress evidence because of an alleged Fourth Amendment violation, the
defendant bears the initial burden of producing evidence that rebuts the
presumption of proper police conduct.  Amador, 221 S.W.3d at 672; see
Young v. State, 283 S.W.3d 854, 872 (Tex. Crim. App.), cert. denied,
130 S. Ct. 1015 (2009).  A defendant satisfies this burden by showing that
a search and seizure occurred without a warrant.  Amador, 221 S.W.3d at
672.  Once the defendant makes this showing, the burden of proof shifts to the
State, which is then required to establish that the search or seizure was
conducted pursuant to a warrant or was otherwise reasonable.  Id. at
672–73; Torres v. State, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005).

Appellant
failed to meet his initial burden of rebutting the presumption of proper police
conduct because he did not present evidence that the search of his car occurred
without a warrant.  See Amador, 221 S.W.3d at 672; State v. Woodard,
314 S.W.3d 86, 96 (Tex. App.—Fort Worth 2010) (stating that “a defendant must
establish that (1) a search or seizure occurred (2) without a warrant”), aff’d,
341 S.W.3d 404 (Tex. Crim. App. 2011).  In fact, appellant established that
there was a warrant by attaching a copy of it to his motion to suppress.  The
warrant, containing a signature from a magistrate and bearing the date of
December 16, 2009, stated in part, 

          Warrant to Search a particular place for a
particular controlled substance, namely METHAMPHETAMINE, and seize evidence
. . . relating to the . . . distribution of METHAMPHETAMINE . . . .

          . . . .

          Now therefore, you are commanded to enter the .
. . vehicles described as:

          . . . .

          . . .  TAN 1999 CHEVROLET BLAZER BEARING
TEXAS LP 992-TKN[.]

During
the suppression hearing, Officer Ho testified about an event that occurred on
December 17, 2009 (the date of appellant’s arrest).  He explained that he had
obtained a warrant the previous day to search a residence and to search “a 1999
tan Chevrolet Blazer,” at which time the following exchange occurred between appellant’s
counsel and the trial court:

          [DEFENSE COUNSEL]:  Objection, Your Honor, to,
one, the witness reading from a document not in evidence, and we contest that
there is a valid search or arrest warrant in this case, Your Honor, until it is
produced in court.

          THE COURT:  Okay.  I didn’t hear anything about
a warrant.

Officer
Ho then made several more references to the warrant without an objection from
appellant.  For example, when appellant’s counsel asked Officer Ho whether the
police’s search of appellant’s car was conducted incident to appellant’s
arrest, Officer Ho testified, without objection, that the search occurred “[i]ncident
to arrest and also it was included in [the] search warrant.”

          Appellant
argues in his brief that the “search warrant was never introduced into the
Motion to Suppress hearing and therefore . . . there [were] no grounds for
searching the Blazer.”  It is true that the State did not present the warrant during
the suppression hearing.  The court of criminal appeals has held that when “a
defendant objects to the [trial] court admitting evidence on the ground that it
was unlawfully seized and the State relies on a search warrant, in the absence
of a waiver, reversible error will result unless the record reflects that the
warrant was exhibited to the trial judge.”  Handy v. State, 189 S.W.3d
296, 298 (Tex. Crim. App. 2006) (citing Cannady v. State, 582 S.W.2d
467, 469 (Tex. Crim. App. [Panel Op.] 1979)).  In this case, we can infer that
the warrant was “exhibited to the trial judge” because it was filed with the trial
court through its attachment to appellant’s motion to suppress,[4]
the court held a hearing on that motion, and in the court’s findings of facts,
the court stated that a search warrant dated December 16, 2009 “authorized the
search of a 1999 tan Chevrolet Blazer.”

          Furthermore,
even if the warrant had not been exhibited to the trial judge, the court of
criminal appeals has stated that “when the existence of the warrant is
recognized in a motion to suppress and there is uncontradicted testimony that a
warrant existed, . . . it is not necessary for the record to show that the
warrant was exhibited to the court.”  Ortega v. State, 464 S.W.2d 876,
878 (Tex. Crim. App. 1971); see also Bogany v. State, Nos.
14-10-00138-CR, 14-10-00139-CR, 14-10-00140-CR, 14-10-00141-CR, 14-10-00142-CR,
14-10-00143-CR, 14-10-00145-CR, 14-10-00146-CR, 2011 WL 704359, at *1 (Tex.
App.—Houston [14th Dist.] Mar. 1, 2011, pet. ref’d) (mem. op., not designated
for publication) (citing Ortega for the same proposition).  The rule in Ortega
applies to the facts recited above; appellant recognized the existence of a
warrant by attaching it to his motion to suppress, and Officer Ho testified,
without contradiction (because he was the only witness at the suppression
hearing), that the warrant existed and authorized the search of appellant’s car.

          Thus,
we disagree with appellant that the officers’ “only justification for the
search of the Blazer was [his] arrest.”  Instead, we conclude that the trial
court did not err by expressly finding that a warrant authorized the police’s
search of appellant’s car.  It is therefore immaterial whether any alternative
grounds existed for a warrantless search under the search-incident-to-arrest
exception (under Gant) or another exception to the warrant requirement,
and we decline to address that issue.  See Tex. R. App. P. 47.1; State
v. Holcombe, 145 S.W.3d 246, 255 (Tex. App.—Fort Worth 2004), aff’d,
187 S.W.3d 496 (Tex. Crim. App.), cert. denied, 549 U.S. 824 (2006).

          Because
appellant filed a copy of the warrant that particularly authorized the search
of his car and did not produce evidence that the search occurred without a
warrant, we conclude that he failed to satisfy his initial burden of proof that
the search occurred without a warrant, and we hold that the trial court did not
err by overruling his motion to suppress to the extent that it challenged the
legality of that search.  See Robinson, 334 S.W.3d at 778–79; Amador,
221 S.W.3d at 672; Romo v. State, 315 S.W.3d 565, 572 (Tex. App.—Fort
Worth 2010, pet. ref’d).  We overrule appellant’s second point.

Evidentiary
Sufficiency

In
his third point, appellant argues that the evidence is insufficient to support his
conviction.  In our due-process review of the sufficiency of the evidence to
support a conviction, we view all of the evidence in the light most favorable
to the verdict to determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Isassi v.
State, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). This standard gives full
play to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Isassi,
330 S.W.3d at 638.

The
trier of fact is the sole judge of the weight and credibility of the evidence. 
See Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); Brown v. State,
270 S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct.
2075 (2009).  Thus, when performing an evidentiary sufficiency review, we may
not re-evaluate the weight and credibility of the evidence and substitute our
judgment for that of the factfinder.  Williams v. State, 235 S.W.3d 742,
750 (Tex. Crim. App. 2007).  Instead, we Adetermine
whether the necessary inferences are reasonable based upon the combined and
cumulative force of all the evidence when viewed in the light most favorable to
the verdict.@  Hooper v. State, 214 S.W.3d 9,
16–17 (Tex. Crim. App. 2007).

Intent
to deliver may be established through circumstantial evidence.  See Jordan
v. State, 139 S.W.3d 723, 726 (Tex. App.—Fort Worth 2004, no pet.). 
Furthermore, “intent to deliver is a question of fact
for the jury to resolve, and it may be inferred from the acts, words, or
conduct of the accused.”  Taylor v. State, 106 S.W.3d 827, 831 (Tex. App.—Dallas
2003, no pet.).  Testimony by experienced law enforcement officers may be used
to establish a defendant’s intent to deliver.  Robinson v. State, 174
S.W.3d 320, 331 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d).  We
may consider several factors in determining such intent, including the nature
of the location where the defendant was arrested, the quantity of drugs the
defendant possessed, the manner of packaging the drugs, the presence or absence
of drug paraphernalia (for use or sale), whether the defendant possessed a
large amount of cash in addition to the drugs, and the defendant’s status as a
drug user.  Jones v. State, 195 S.W.3d 279, 288 (Tex. App.—Fort Worth
2006) (op. on reh’g), aff’d, 235 S.W.3d 783 (Tex. Crim. App. 2007); Jordan,
139 S.W.3d at 726.  “The number of factors present is not as important as the
logical force the factors have in establishing the elements of the offense.”  Moreno
v. State, 195 S.W.3d 321, 326 (Tex. App.—Houston [14th Dist.] 2006, pet.
ref’d) (op. on reh’g).

Appellant
contends that the amount of methamphetamine recovered by the police is
inconsistent with intent to deliver.  Appellant possessed more than five grams
of methamphetamine when the police arrested him.[5]  Officer Ho testified
that five grams of methamphetamine is a significant amount, is worth at least
$500, and, as such, is more consistent with dealing than using.

Furthermore,
Officer Ho testified that other items that the police recovered from appellant
are consistent with drug dealing.  The methamphetamine recovered from appellant
was found in small plastic baggies along with other empty plastic baggies.  Officer
Ho explained that small plastic baggies are commonly used by people who are
dealing drugs and that drug users do not typically keep their drugs in multiple
baggies.  See Rhodes v. State, 913 S.W.2d 242, 246, 250–51 (Tex.
App.—Fort Worth 1995) (relying on an officer’s testimony that packaging drugs
in multiple small baggies was inconsistent with personal drug use), aff’d,
945 S.W.2d 115 (Tex. Crim. App.), cert. denied, 522 U.S. 894 (1997).  Officer
Ho also testified that a digital scale was recovered from appellant’s car and
that drug dealers normally use digital scales to weigh their drugs before
selling them.  Next, Officer Ho testified that appellant was arrested carrying
$590, an amount consistent with drug dealing.[6]  See Elder v. State,
100 S.W.3d 32, 34 (Tex. App.—Eastland 2002, pet. ref’d) (considering the
defendant’s possession of $596 as a fact supporting the jury’s determination
that the defendant intended to deliver cocaine).  Finally, Officer Ho testified
that he recovered two cell phones from appellant and that drug dealers
typically use one phone for personal use and one phone for use in dealing drugs.

Viewing
the evidence in the light most favorable to the jury’s verdict, we conclude
that a rational factfinder could have found beyond a reasonable doubt that
appellant intended to deliver methamphetamine.  See Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Isassi, 330 S.W.3d at 638.

Along
with challenging the sufficiency of the evidence to prove his intent to
deliver, appellant contends that the evidence was insufficient to show that he
possessed the methamphetamine that the police found on the ground close to him.
 However, Officer Ho testified that the drugs he found under appellant’s
stomach were not on the street before he placed appellant on the ground.  Also,
the jury could have rationally considered that the items found in appellant’s
car (digital scales, more methamphetamine, and cell phones) comprised circumstantial
evidence that the drugs found nearby appellant belonged to him.  Viewing the
evidence in the light most favorable to the jury’s verdict, we conclude that a
rational factfinder could have found beyond a reasonable doubt that appellant possessed
the methamphetamine that officers found near his body.

We
conclude that the evidence is sufficient to support appellant’s conviction.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Isassi, 330 S.W.3d at
638.  We overrule appellant’s third point.

Conclusion

Having
overruled each of appellant’s points, we affirm the trial court’s judgment.

 

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; GARDNER and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 30, 2012









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Health
& Safety Code Ann. §§ 481.102(6), .112(a), (d) (West 2010).





[3]In the motion, appellant
relied on federal and state law but did not contend that state law gave him
greater rights than the federal constitutional provisions that he cited.  Similarly,
on appeal, although appellant cites federal and state provisions, he does not
argue that we should analyze them distinctly.





[4]A trial court may
determine the merits of a motion to suppress on the contents of the motion
itself.  See Tex. Code Crim. Proc. Ann. art. 28.01, § 1(6) (West 2006); see
also Rodriguez v. State, 844 S.W.2d 744, 745 (Tex. Crim. App. 1992)
(indicating that courts of appeals should consider written motions to suppress
and attachments to such motions in reviewing trial courts’ rulings on the
motions).  The warrant that appellant attached to his motion belies his
statements in the trial court that a warrant did not exist.





[5]The State called a
forensic chemist to confirm that the substances that appellant possessed were methamphetamine.





[6]Appellant called a former
employer who testified that he had paid appellant with cash in December 2009. 
This evidence could have raised a conflicting inference about the source of the
$590 that appellant possessed upon his arrest.  But in our evidentiary
sufficiency review, we must presume that the factfinder resolved any
conflicting inferences in favor of the verdict and defer to that resolution.  See
Jackson, 443 U.S. at 326, 99 S. Ct. at 2793; Isassi, 330 S.W.3d
at 638.