**Carlos Montez ELDER, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–01–00384–CR.**

Court of Appeals of Texas, Eastland.

Dec. 12, 2002.

Allan Fishburn, Dallas, for appellant.

Carlos Montez Elder, Abilene, pro se.

Bill Hill, Criminal Dist. Attorney–Appellate Section, Matthew Filpi, Asst. Dist. Atty., Dallas, for appellee.

Panel consists of: WRIGHT, J., and McCALL, J., and DICKENSON, S.J.*

Opinion

BOB DICKENSON, Senior Justice (Retired).

The jury convicted Carlos Montez Elder of possessing cocaine "with intent to deliver," and the trial court assessed his punishment at confinement for 50 years.[1] We affirm.

### Issues Presented

Appellant presents three issues for appellate review. In his first two issues, appellant argues that the evidence is factually insufficient to prove that he either (Issue No. 1) "possessed" the cocaine or (Issue No. 2) had the "intent to deliver" the cocaine. Then, appellant argues that the trial court erred (Issue No. 3) in failing to give a "reasonable doubt instruction" as to the extraneous offense testimony which the jury heard during the first phase of trial.

### Sufficiency of the Evidence

We have reviewed the first two issues under the tests which are discussed in *Vasquez v. State*, 67 S.W.3d 229, 236 (Tex. Cr.App.2002). See also *Cain v. State*, 958 S.W.2d 404, 408 (Tex.Cr.App.1997), and *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Cr.App.1996). We find that the evidence of both possession and also of intent is sufficient to support the jury's verdict; the evidence is neither so weak as to render the conviction clearly wrong and manifestly unjust nor is it so greatly outweighed by contrary evidence as to render the conviction clearly wrong and manifestly unjust.

### Evidence of Possession

Officer George Morales of the Dallas Police Department testified that he was working with Officer Adam Conway on May 22, 2001, at about 5:30 p.m. The two officers were in uniform and were in a patrol car which was clearly marked as a Dallas police car. Officer Morales was driving, and Officer Conway was the passenger. They were in the central business district in a "high drug area" when they saw "suspicious activity" by three individuals who were grouped together. Officer Morales testified that, when he drove toward them, he saw one of the men throw a brown paper sack over toward some stairway steps as the group scattered and tried

---

* Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. See TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Vernon Pamph. Supp.2003) which provides that possession with the intent to deliver more than four grams of cocaine is a felony of the first degree.

to walk away. The officers were able to detain two men for questioning, and the other person got away. Officer Morales identified appellant as the man who threw the brown paper sack, and Officer Morales identified the sack which he found. Officer Morales said that he saw it leave appellant's hand and that he saw where it landed. Appellant was arrested after the officers opened the paper sack and saw its contents. Officer Morales also proved his end of the chain of custody on the sack which appellant tried to throw away. The brown paper sack contained contraband which the chemist testified was 15.4 grams of cocaine. Appellant had $596.74 in his possession at the time of his arrest. The other man did not have any contraband in his possession, and he was released at the scene.

Appellant testified that he did not possess any cocaine and that he did not throw the sack which Officer Morales identified. Appellant also explained why he had that much cash in his possession at the time of his arrest. Officer Conway testified in rebuttal, and his testimony supported Officer Morales's version of the incident. The jury was the judge of the credibility of the witnesses and of the weight to be given to the testimony. TEX. CODE CRIM. PRO. ANN. arts. 36.13 & 38.04 (Vernon 1979 & 1981). The evidence is factually sufficient to prove that appellant possessed the cocaine. *Vasquez v. State,* supra; *Cain v. State,* supra; *Clewis v. State,* supra. The first issue for review is overruled.

### Evidence of Intent to Deliver

Detective Anthony Gipson of the Dallas Police Department testified that he had been a police officer for 21 years and that he had been a detective in the narcotics division for the past 13 years. Detective Gipson testified as an expert witness, and he testified that it was his opinion that a person who possessed the amount of crack cocaine which was admitted into evidence in this case would have possessed it "with the intent to deliver." Detective Gipson said that it was "far more than a person would normally have" for personal use. Detective Gipson also testified that the fact that appellant had $596 in cash in his possession would "bolster" his opinion that it was "possessed with the intent to deliver." Detective Gipson also gave his opinion that the "street value" of the cocaine in this case would be about $1,400 and that its wholesale value would be "in the neighborhood" of $300 or $400. The jury was the judge of the credibility of the witnesses and of the weight to be given to the testimony. Articles 36.13 & 38.04. The evidence is factually sufficient to show that appellant intended to deliver the cocaine. *Vasquez v. State,* supra; *Cain v. State,* supra; *Clewis v. State,* supra. The second issue for review is overruled.

### Reasonable Doubt Instruction

■ After the State rested, appellant testified in his own defense to swear that he had not possessed the cocaine and that he had not had the intent to deliver any cocaine. At the beginning of his testimony, the record shows the following answers by appellant to his attorney's questions:

Q: Now, at the outset, I would like to get some things out of the way. And chiefly, I would like you to talk a little bit about your criminal history.

[Appellant and his attorney then discussed his 1991 conviction for possession with intent to deliver a controlled substance.]

Q: Now let's talk a little bit more about your criminal record. You've got ... five theft cases, the first of which was in January 25 of '89, the last of which was on January 10 of 1990; is that correct?

A: Yes, sir.

Q: Are those misdemeanor or felonies?

A: Some misdemeanor and some felonies.

* * *

Q: Okay. Now, there are two other cases that you've had. You've had a possession of a controlled substance case in January 10 of 1990. That's about—about a year and a half before you had the possession with intent to deliver. Was that—were both of those cases cocaine cases?

A: Yes, sir.

Q: Were they crack cocaine cases?

A: Yes, sir.

* * *

Q: And there is one last case. In addition to the five theft cases, the possession [and] the possession with intent, you have a burglary of a coin op machine. What's that about?

A: To be honest, sir, I don't really know anything about that. [He did agree that it was his signature on the plea agreement in that case.]

Appellant cites *Huizar v. State*, 12 S.W.3d 479 (Tex.Cr.App.2000), for his contention that the trial court committed reversible error by failing to give a "reasonable-doubt instruction" in connection with the proof of his extraneous offenses. See also *Ellison v. State*, 86 S.W.3d 226 (Tex. Cr.App.2002). The Court of Criminal Appeals held in both of those cases that the trial court erred in failing to give a "reasonable-doubt instruction" as to the proof of extraneous offenses which was offered by the State during the punishment phase of trial, even in the absence of a request for that instruction or an objection to the charge. Those cases are factually distinguishable. The extraneous offense proof in the case before us was not offered by the State. It was offered by appellant (in an attempt to minimize the impeachment effect of those offenses) when he took the witness stand during the first phase of trial in an attempt to convince the jury that he was not guilty of the offense for which he was being tried. We do not think the trial court erred in this case.

■ Moreover, we note that both *Ellison v. State*, supra, and *Huizar v. State*, supra, hold that, if there had been any error in the charge, the error would have been reviewed under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Cr.App.1985). Since there was no timely request for a "reasonable-doubt instruction" and no objection to the charge which was given, we hold that any error in failing to give that instruction did not cause "egregious harm" to appellant. There was no basis for any reasonable doubt that he had been convicted of the extraneous offenses. Appellant admitted all of the convictions but one; and, in that case, he agreed that it was his signature on the plea bargain papers. The third issue for appellate review is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.