In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-354 CR


____________________



ANTHONY WHITMILL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Cause No. 22941






MEMORANDUM OPINION


 A jury convicted Anthony Whitmill of robbery and sentenced him to eighteen years'
confinement in the Texas Department of Criminal Justice, Institutional Division. The jury
further assessed a fine of $2,000. 

 On appeal, Whitmill's counsel has filed an Anders (1) brief. Subsequently, Whitmill
filed a pro se brief raising seven points of error. The State filed a brief in reply.

 Appellate counsel only identifies three issues: factual insufficiency of the evidence,
the exclusion of a video tape sought to be admitted by the defense, and exclusion of certain
testimony. In reviewing the record, we have found that counsel on appeal failed to discuss
an arguable issue raised by Whitmill's pro se brief. See Coronado v. State, 996 S.W.2d
283, 285-87 (Tex. App.--Waco 1999, no pet.). Namely, counsel did not address the
failure of the trial court to give a reasonable-doubt instruction in connection with the proof
of extraneous offenses in the punishment charge. See Ellison v. State, 97 S.W.3d 698
(Tex. App.--Texarkana 2003, no pet.); Elder v. State, 100 S.W.3d 32 (Tex. App.--Eastland 2002, pet. ref'd). Additionally, counsel's analysis under issue three fails to take
into account that Rule 608 is not applicable if the contested evidence is being offered for
another reason, such as to show bias or prejudice. See Moreno v. State, 22 S.W.3d 482,
485-86 (Tex. Crim. App. 1999); Carpenter v. State, 979 S.W.2d 633, 634-35 (Tex. Crim.
App. 1998); Olivares v. State, 785 S.W.2d 941, 945 (Tex. App.--El Paso 1990, no pet.). 
Further, appellate counsel's decision to file a partial record on appeal prevents this court
from reviewing the record to make an independent determination that there are no arguable
grounds for appeal, in accordance with Anders. See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991).

 If an appellate court discovers an arguable point of error in a case where an Anders
brief has been filed, then the court must abate the appeal and remand the case to the trial
court with orders to appoint other counsel to present those and any other grounds that
might support the appeal. Id. Accordingly, this appeal is abated, and the case is remanded
to the trial court with instructions to appoint other counsel to present this and other
grounds that might support the appeal. (2)

 ABATED AND REMANDED.

 PER CURIAM

Submitted on October 14, 2003 

Opinion Delivered October 22, 2003

Do not publish 


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978).
2. Our decision should not be viewed as a determination of the merits of the issues
raised by Whitmill or his counsel, or those issues mentioned in this opinion. Whitmill's
new appellate counsel should personally review the record to determine what issues should
be raised in this appeal.