

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-11-00087-CR

RICHARD ALLAN GARD                                          APPELLANT

V.

THE STATE OF TEXAS                                               STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Richard Allan Gard appeals his conviction for possessing between four grams and two hundred grams of methamphetamine with intent to deliver.[2] In three points, appellant contends that the trial court erred by denying his motion to suppress evidence due to allegedly excessive force in his arrest,

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Health & Safety Code Ann. §§ 481.102(6), .112(a), (d) (West 2010).

that the trial court erred by denying his motion to suppress evidence because the search of his car was illegal, and that the evidence is insufficient to support his conviction. We affirm.

**Background Facts**

In December 2009, Euless Police Department Officer Hung Ho obtained a search warrant for appellant's home and car. Several plain clothes officers, including Officer Ho, were stationed near appellant's home to wait for his arrival. The officers saw appellant drive toward his home and then continue past it. Officer Ho followed appellant in an unmarked police car and witnessed three traffic violations. Officer Ho then called marked patrol units to the scene to stop appellant. Appellant stopped his car, and Officer Ho approached him, commanding him to get out of the car. Because appellant did not immediately do so, Officer Ho pulled him from the car, put him on the ground on his stomach, and placed him in handcuffs. According to Officer Ho's testimony at trial, when officers rolled appellant onto his back, they found, where appellant's stomach had been, two baggies containing methamphetamine and three empty plastic baggies. Officer Ho testified that these items were not on the street before he put appellant on the ground.

The police searched appellant, finding a cell phone and $590. The police also searched appellant's car and found another plastic bag containing methamphetamine, a digital scale, and "some other various pills." The police

2

later searched appellant's home and found three more bags of methamphetamine.

A Tarrant County grand jury indicted appellant for possessing more than four grams but less than two hundred grams of methamphetamine with intent to deliver. Appellant pled not guilty. Before trial, appellant filed a motion to suppress evidence concerning items "seized from his person, the ground around him, and the motor vehicle . . . as such was obtained as a result of an illegal search . . . in violation of his rights."[3] Under a broad construction of the motion to suppress, appellant argued, among other assertions, that the search of his car was made without a warrant or another ground supporting the search. The trial court denied appellant's motion. After receiving evidence and arguments from the parties, the jury found appellant guilty. The trial court sentenced appellant to thirty years' confinement. Appellant brought this appeal.

## Preservation of Error

In his first point, appellant argues that the trial court erred by denying his motion to suppress because the police used excessive force while arresting him. The State contends that appellant forfeited his complaint about excessive force. We agree with the State.

---

[3]In the motion, appellant relied on federal and state law but did not contend that state law gave him greater rights than the federal constitutional provisions that he cited. Similarly, on appeal, although appellant cites federal and state provisions, he does not argue that we should analyze them distinctly.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g).

All a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it. *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992); *see Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). The objections made at trial, however, must comport with the error raised on appeal. *See Clark*, 365 S.W.3d at 339; *Camacho v. State*, 864 S.W.2d 524, 533 (Tex. Crim. App. 1993), *cert. denied*, 510 U.S. 1215 (1994); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).

Appellant argues in his first point that evidence should have been suppressed because the police used excessive force. However, appellant did

not urge this basis for excluding evidence in his written motion to suppress or in the hearing on that motion. Instead, in his written motion (as broadly construed), appellant contended that evidence should have been excluded because the police either illegally stopped his car or illegally searched his car. At the beginning of the hearing on appellant's motion, appellant's counsel conceded that the basis of the motion to suppress was that there was no justification for the police's stopping appellant's car. Appellant's counsel questioned Officer Ho about the amount of force used, but appellant never asserted excessive force as a ground for suppression and never connected this line of questioning to illegally obtained evidence.

As appellant never claimed in the trial court that evidence should have been excluded on the ground that the police used excessive force, he has forfeited that point on appeal. *See Clark*, 365 S.W.3d at 339 (explaining that "if a party fails to properly object to constitutional errors at trial, these errors can be forfeited"); *Camacho*, 864 S.W.2d at 533; *Rezac*, 782 S.W.2d at 870; *Hargrove v. State*, 162 S.W.3d 313, 324 (Tex. App.—Fort Worth 2005, pet. ref'd). We overrule appellant's first point.

**The Search of Appellant's Car**

In his second point, appellant contends that the trial court erred by denying his motion to suppress evidence found in his car. Appellant argues that the search of his car was unauthorized in connection with his arrest under *Arizona v.*

*Gant*, 556 U.S. 332, 351, 129 S. Ct. 1710, 1723–24 (2009). In fact, in the argument portion of his second point, appellant relies only on *Gant*.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006).

When reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Wiede*, 214 S.W.3d at 24; *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *Kelly*, 204 S.W.3d at 818–19. We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id.* at 818. We must uphold the trial court's ruling if it is supported by the record and correct under any theory

6

of law applicable to the case even if the trial court gave the wrong reason for its ruling. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 974 (2004).

The Fourth Amendment protects against unreasonable searches and seizures by government officials. U.S. Const. amend. IV; *Wiede*, 214 S.W.3d at 24. To suppress evidence because of an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct. *Amador*, 221 S.W.3d at 672; *see Young v. State*, 283 S.W.3d 854, 872 (Tex. Crim. App.), *cert. denied*, 130 S. Ct. 1015 (2009). A defendant satisfies this burden by showing that a search and seizure occurred without a warrant. *Amador*, 221 S.W.3d at 672. Once the defendant makes this showing, the burden of proof shifts to the State, which is then required to establish that the search or seizure was conducted pursuant to a warrant or was otherwise reasonable. *Id.* at 672–73; *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005).

Appellant failed to meet his initial burden of rebutting the presumption of proper police conduct because he did not present evidence that the search of his car occurred without a warrant. *See Amador*, 221 S.W.3d at 672; *State v. Woodard*, 314 S.W.3d 86, 96 (Tex. App.—Fort Worth 2010) (stating that "a defendant must establish that (1) a search or seizure occurred (2) without a warrant"), *aff'd*, 341 S.W.3d 404 (Tex. Crim. App. 2011). In fact, appellant

7

established that there was a warrant by attaching a copy of it to his motion to suppress. The warrant, containing a signature from a magistrate and bearing the date of December 16, 2009, stated in part,

> Warrant to Search a particular place for a particular controlled substance, namely **METHAMPHETAMINE**, and seize evidence . . . relating to the . . . distribution of **METHAMPHETAMINE** . . . .
>
> . . . .
>
> Now therefore, you are commanded to enter the . . . vehicles described as:
>
> . . . .
>
> . . . **TAN 1999 CHEVROLET BLAZER BEARING TEXAS LP 992-TKN**[.]

During the suppression hearing, Officer Ho testified about an event that occurred on December 17, 2009 (the date of appellant's arrest). He explained that he had obtained a warrant the previous day to search a residence and to search "a 1999 tan Chevrolet Blazer," at which time the following exchange occurred between appellant's counsel and the trial court:

> [DEFENSE COUNSEL]: Objection, Your Honor, to, one, the witness reading from a document not in evidence, and we contest that there is a valid search or arrest warrant in this case, Your Honor, until it is produced in court.
>
> THE COURT: Okay. I didn't hear anything about a warrant.

Officer Ho then made several more references to the warrant without an objection from appellant. For example, when appellant's counsel asked Officer Ho whether the police's search of appellant's car was conducted incident to

8

appellant's arrest, Officer Ho testified, without objection, that the search occurred "[i]ncident to arrest and also it was included in [the] search warrant."

Appellant argues in his brief that the "search warrant was never introduced into the Motion to Suppress hearing and therefore . . . there [were] no grounds for searching the Blazer." It is true that the State did not present the warrant during the suppression hearing. The court of criminal appeals has held that when "a defendant objects to the [trial] court admitting evidence on the ground that it was unlawfully seized and the State relies on a search warrant, in the absence of a waiver, reversible error will result unless the record reflects that the warrant was exhibited to the trial judge." *Handy v. State*, 189 S.W.3d 296, 298 (Tex. Crim. App. 2006) (citing *Cannady v. State*, 582 S.W.2d 467, 469 (Tex. Crim. App. [Panel Op.] 1979)). In this case, we can infer that the warrant was "exhibited to the trial judge" because it was filed with the trial court through its attachment to appellant's motion to suppress,[4] the court held a hearing on that motion, and in the court's findings of facts, the court stated that a search warrant dated December 16, 2009 "authorized the search of a 1999 tan Chevrolet Blazer."

---

[4]A trial court may determine the merits of a motion to suppress on the contents of the motion itself. *See* Tex. Code Crim. Proc. Ann. art. 28.01, § 1(6) (West 2006); *see also Rodriguez v. State*, 844 S.W.2d 744, 745 (Tex. Crim. App. 1992) (indicating that courts of appeals should consider written motions to suppress and attachments to such motions in reviewing trial courts' rulings on the motions). The warrant that appellant attached to his motion belies his statements in the trial court that a warrant did not exist.

Furthermore, even if the warrant had not been exhibited to the trial judge, the court of criminal appeals has stated that "when the existence of the warrant is recognized in a motion to suppress and there is uncontradicted testimony that a warrant existed, . . . it is not necessary for the record to show that the warrant was exhibited to the court." *Ortega v. State*, 464 S.W.2d 876, 878 (Tex. Crim. App. 1971); *see also Bogany v. State*, Nos. 14-10-00138-CR, 14-10-00139-CR, 14-10-00140-CR, 14-10-00141-CR, 14-10-00142-CR, 14-10-00143-CR, 14-10-00145-CR, 14-10-00146-CR, 2011 WL 704359, at *1 (Tex. App.—Houston [14th Dist.] Mar. 1, 2011, pet. ref'd) (mem. op., not designated for publication) (citing *Ortega* for the same proposition). The rule in *Ortega* applies to the facts recited above; appellant recognized the existence of a warrant by attaching it to his motion to suppress, and Officer Ho testified, without contradiction (because he was the only witness at the suppression hearing), that the warrant existed and authorized the search of appellant's car.

Thus, we disagree with appellant that the officers' "only justification for the search of the Blazer was [his] arrest." Instead, we conclude that the trial court did not err by expressly finding that a warrant authorized the police's search of appellant's car. It is therefore immaterial whether any alternative grounds existed for a warrantless search under the search-incident-to-arrest exception (under *Gant*) or another exception to the warrant requirement, and we decline to address that issue. *See* Tex. R. App. P. 47.1; *State v. Holcombe*, 145 S.W.3d

10

246, 255 (Tex. App.—Fort Worth 2004), *aff'd*, 187 S.W.3d 496 (Tex. Crim. App.), *cert. denied*, 549 U.S. 824 (2006).

Because appellant filed a copy of the warrant that particularly authorized the search of his car and did not produce evidence that the search occurred without a warrant, we conclude that he failed to satisfy his initial burden of proof that the search occurred without a warrant, and we hold that the trial court did not err by overruling his motion to suppress to the extent that it challenged the legality of that search. *See Robinson*, 334 S.W.3d at 778–79; *Amador*, 221 S.W.3d at 672; *Romo v. State*, 315 S.W.3d 565, 572 (Tex. App.—Fort Worth 2010, pet. ref'd). We overrule appellant's second point.

### Evidentiary Sufficiency

In his third point, appellant argues that the evidence is insufficient to support his conviction. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638.

11

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).

Intent to deliver may be established through circumstantial evidence. *See Jordan v. State*, 139 S.W.3d 723, 726 (Tex. App.—Fort Worth 2004, no pet.). Furthermore, "intent to deliver is a question of fact for the jury to resolve, and it may be inferred from the acts, words, or conduct of the accused." *Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.). Testimony by experienced law enforcement officers may be used to establish a defendant's intent to deliver. *Robinson v. State*, 174 S.W.3d 320, 331 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). We may consider several factors in determining such intent, including the nature of the location where the defendant was arrested, the quantity of drugs the defendant possessed, the manner of packaging the drugs, the presence or absence of drug paraphernalia (for use or sale), whether the defendant possessed a large amount of cash in addition to the drugs, and the

12

defendant's status as a drug user. *Jones v. State*, 195 S.W.3d 279, 288 (Tex. App.—Fort Worth 2006) (op. on reh'g), *aff'd*, 235 S.W.3d 783 (Tex. Crim. App. 2007); *Jordan*, 139 S.W.3d at 726. "The number of factors present is not as important as the logical force the factors have in establishing the elements of the offense." *Moreno v. State*, 195 S.W.3d 321, 326 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (op. on reh'g).

Appellant contends that the amount of methamphetamine recovered by the police is inconsistent with intent to deliver. Appellant possessed more than five grams of methamphetamine when the police arrested him.[5] Officer Ho testified that five grams of methamphetamine is a significant amount, is worth at least $500, and, as such, is more consistent with dealing than using.

Furthermore, Officer Ho testified that other items that the police recovered from appellant are consistent with drug dealing. The methamphetamine recovered from appellant was found in small plastic baggies along with other empty plastic baggies. Officer Ho explained that small plastic baggies are commonly used by people who are dealing drugs and that drug users do not typically keep their drugs in multiple baggies. *See Rhodes v. State*, 913 S.W.2d 242, 246, 250–51 (Tex. App.—Fort Worth 1995) (relying on an officer's testimony that packaging drugs in multiple small baggies was inconsistent with personal drug use), *aff'd*, 945 S.W.2d 115 (Tex. Crim. App.), *cert. denied*, 522 U.S. 894

---

[5]The State called a forensic chemist to confirm that the substances that appellant possessed were methamphetamine.

13

(1997). Officer Ho also testified that a digital scale was recovered from appellant's car and that drug dealers normally use digital scales to weigh their drugs before selling them. Next, Officer Ho testified that appellant was arrested carrying $590, an amount consistent with drug dealing.[6] *See Elder v. State*, 100 S.W.3d 32, 34 (Tex. App.—Eastland 2002, pet. ref'd) (considering the defendant's possession of $596 as a fact supporting the jury's determination that the defendant intended to deliver cocaine). Finally, Officer Ho testified that he recovered two cell phones from appellant and that drug dealers typically use one phone for personal use and one phone for use in dealing drugs.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational factfinder could have found beyond a reasonable doubt that appellant intended to deliver methamphetamine. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638.

Along with challenging the sufficiency of the evidence to prove his intent to deliver, appellant contends that the evidence was insufficient to show that he possessed the methamphetamine that the police found on the ground close to him. However, Officer Ho testified that the drugs he found under appellant's

---

[6]Appellant called a former employer who testified that he had paid appellant with cash in December 2009. This evidence could have raised a conflicting inference about the source of the $590 that appellant possessed upon his arrest. But in our evidentiary sufficiency review, we must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Isassi*, 330 S.W.3d at 638.

14

stomach were not on the street before he placed appellant on the ground. Also, the jury could have rationally considered that the items found in appellant's car (digital scales, more methamphetamine, and cell phones) comprised circumstantial evidence that the drugs found nearby appellant belonged to him. Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational factfinder could have found beyond a reasonable doubt that appellant possessed the methamphetamine that officers found near his body.

We conclude that the evidence is sufficient to support appellant's conviction. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638. We overrule appellant's third point.

## Conclusion

Having overruled each of appellant's points, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 30, 2012